RICHTER *v.* THE OLIVE BAKER.[1]

*(District Court, S. D. New York. December 2, 1889.)*

TOWAGE—NEGLIGENT LANDING OF TOW—COSTS DENIED.

The schooner C. libeled the tug O. B. for negligence in landing her at a wharf in the East river during a strong flood-tide, claiming that she was pressed against the wharf and damaged. Her witnesses were examined *de bene esse* before trial. The tug's witnesses, on the trial, averred that the schooner came along-side the end of the pier and made fast; that afterwards, wishing to go to the south side of the pier, she began to wind around the corner with the tide, under the supervision of the tug, but that the person in charge of the schooner's lines tightened them too suddenly, thereby bringing the schooner, which had no fenders, against the corner of the pier, causing the damage. The answer denied negligence, but did not state the above facts, and the libelant's witnesses were not examined as to them. *Held,*

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

that the claimant's uncontradicted evidence could not be disregarded, and that, if true, there was no negligence in the tug: and as the burden was on the schooner to show such negligence, and as the failure of the schooner to use fenders under the circumstances was plain carelessness, the libel should be dismissed, but, under the circumstances, as the answer did not set forth the specific facts, without costs.

In Admiralty. Action for damage caused by the alleged negligent landing of a tow.

*Wing, Shoudy & Putnam,* (*C. C. Burlingham,* of counsel,) for libelant.
*E. G. Davis,* for claimants.

BROWN, J. While the tug Olive Baker was landing the schooner China on the south side of the dock at Green Point, during a strong flood-tide, she was pressed against the southerly corner of the pier so as to damage a few planks, for which recovery is sought. The schooner was 25 years old, but I do not find that she was unfit for use. The libelant's account of the mode of landing, and of the circumstances under which the accident occurred, is very different from the account given by the respondents. The respondents' account seem to be supplemental to the libelant's; and, as it is sustained by three witnesses, I cannot disregard it. Their testimony shows that the schooner had come up along-side of the end of the pier, had got her lines out, and made them fast, and was waiting to know to which side of the pier she should go for a berth; that she was finally directed to go to the south side; that for that purpose the lines were ordered to be slackened by the pilot of the tug so that the schooner could be shoved ahead, when she would be swung in, by the tide, around the end of the pier; and that it was the design of the tug to allow the schooner's port quarter to bring up against the corner of the pier at the proper time, when the orders were given therefor by the pilot of the tug; but that the person in charge of the lines of the schooner, without orders from the tug, tightened his lines too soon, which caused the schooner to come too soon and suddenly against the corner of the pier, and that without the use of fenders. The flood-tide there is very strong. That is the usual mode of landing, and, so far as appears, the only proper mode of going upon the south side of the pier on the strong flood. The libelant's witnesses were examined *de bene esse*, and no allusion was made in examination or cross-examination to the question of the lines, nor was it set up in the answer as an affirmative defense, though negligence was denied. The burden of the proof is upon the libelant to show negligence. Though I have considerable misgiving about the testimony of respondents' witnesses as an exact account of the accident, I cannot reject it altogether; and, if the accident occurred while the vessel was winding around by means of lines partly fastened to the dock, inasmuch as there is no evidence on this subject in the libelant's case, I cannot find that there was any negligence by the tug in the mode of doing this proved; and the failure of the schooner to use fenders, even without express orders, under such circumstances, would be plain carelessness. I do not credit the contention that fenders would have been of no use. I am compelled, therefore, to dismiss the libel, because there is no proof of

negligence on the respondents' part, under the circumstances, in winding about the wharf, as sworn to by the respondents. But as the answer, though denying negligence, did not call attention to the specific facts upon which the defense relied, the dismissal must be without costs.